**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6113**

JAMES ANTHONY BARNETT, JR.,

Plaintiff - Appellant,

v.

ALAMANCE COUNTY SHERIFF OFFICE DETENTION CENTER; NURSE JANICE TILLEY; NURSE SUSAN FONTIER; NURSE BETTY; NURSE EVE; NURSE JEFF; NURSE CHRISTIE; NURSE DEBBIE,

Defendants - Appellees.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Loretta C. Biggs, District Judge. (1:14-cv-00732-LCB-JLW)

Submitted: May 31, 2018                    Decided: June 13, 2018

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

James Anthony Barnett, Jr., Appellant Pro Se. Torin L. Fury, William L. Hill, FRAZIER HILL & FURY, RLLP, Greensboro, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Anthony Barnett, Jr., seeks to appeal the district court's judgment adopting the magistrate judge's report and recommendation and dismissing his civil rights complaint. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on May 5, 2016. The notice of appeal was filed on January 8, 2018.[*] Because Barnett failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We also deny Barnett's motion and supplemental motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).